UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                    Case No. 15-12592

p-j:cotter,                               Bankruptcy Number 14-51270

                                          Honorable Linda V. Parker
_____/

p-j:cotter,

            Appellant,

v.

MICHAEL STEVENSON,

            Appellee(s).
_____/

# APPELLANT'S REPLY BRIEF

p-j:cotter                          STEVENSON & BULLOCK, PLC
P O Box 131                         Sonya N. Goll
Anchorville, MI 48004               Attorneys for the Chapter 7 Trustee
(810) 459-6972                      26100 American Drive, Suite 500
pocmich@yahoo.com                   Southfield, MI. 48034
APPELLANT                           (248) 354-7906 ext. 2234
                                    sgoll@sbplclaw.com
                                    Counsel for Appellee

### "ORAL ARGUMENT REQUESTED"

p-j:cotter appellant reply brief-9-18-15

Page **1** of **8**

TABLE OF CONTENTS

|  | PAGE |
|---|---|
| INDEX OF AUTHORITIES | 2 |
| STATEMENT OF MOST CONTROLLING AUTHORITY | 2 |
| ARGUMENT | 3 |
| SUMMARY | 6 |
| CONCLUSION AND RELIEF REQUESTED | 6 |
| CERTIFICATE OF SERVICE | 8 |

**INDEX OF AUTHORITIES**

SUPREME COURT OF THE UNITED STATES CASES
    No. 13-684 LARRY D. JESINOSKI, ET UX.,
    PETITIONERS v. COUNTRYWIDE HOME LOANS, INC., ET AL .......... 4
    Marbury v. Madison: 5 US 137 .......... 4

U.S. Constitution
    U.S. Constitution, Article IV .......... 4
    Bill of Rights Article One .......... 4
    Bill of Rights, Article Seven .......... 4

FEDERAL RULES OF CIVIL PROCEDURE
    FRCP Rule 25 (a)(3) .......... 4
    FRCP RULE 52(A)(1) .......... 2

FEDERAL RULES OF EVIDENCE
    FRE Rule 101, 102, 104(a), 401, 602, 702, 703 .......... 3,4

UNITED STATES CODE (USC)
    11 U.S. Code § 707(b)(2) .......... 6

## I. REPLY ARGUMENT

Standard of Review\Statement of Authority

As stated in the initial brief under FRCP 52 Findings and Conclusions by the Court Judgment on partial findings.

*(A) Findings and conclusions*

p-j:cotter appellant reply brief-9-18-15

> *(1) in general in an action tried on the facts without a jury or with an advisory jury the court must find the facts separately and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or memorandum or decision filed by the court.*

## ARGUMENT

In this case at bar the court must find those facts separately and state conclusions of law separately. As there was no evidence presented, the court could not state on the record after the close of evidence, and so it is the position held that the court was in error and abused its discretion in making its ruling without any evidence, and should have done as it was mandated to find the facts separately and state its conclusions of law separately on actions tried on the facts without a jury or with an advisory jury.

If facts and finding would have been done as per rule 52(a)(1), then the obvious items listed below would have made a different lawful outcome of this case.

- There was no valid/ verified evidence presented per the rules of evidence FRE Rule 101, 102, 104(a), 401, 602,702,703[1]

- Hearsay evidence was presented from a third party (Attorney Sonya Goll)[2]

- No firsthand information given[3]

- No witness presented[4]

---

[1] Cornell Law School (LII) Federal Rules of Evidence 2015 www.law.cornell.edu
[2] FRE Rule 602
[3] FRE Rule 101, 102, 104(a), 401, 602,702,703

p-j:cotter appellant reply brief-9-18-15

Page 3 of 8

- No Expert Disclosure Reports /Affidavit documentation by the Alleged Experts relied upon to give guidance, FRE Rules 701,702 were violated.

There was an obvious Conflict of interest, with Attorney Sonya Goll (respecting both sides) Alleged Estate to maximize amount and District Court case to minimize Alleged Estate. Attorney Goll held "Strategy meetings" with defendant Debt Collector,[5] to violate the lawful Right of p-j:cotter under **U.S. Constitution, Article IV, Bill of Rights Article One, Article Seven as affirmed under Marbury v Madison 5 US 137** taking away rights for Jury trial[6] and compromise case.[7]

- Nothing to support any allegations made by Attorney Sonya Goll of reference to Attorneys Rex Anderson and Ian Lyngklip in Hearing of May 20, 2015
- No affidavit from trustee verifying these conversations, email and so on with Attorneys Rex Anderson and Ian Lyngklip.[8]
- Statutory, Punitive award from Jury Trial; Statutory Violations of 15 U.S.C.§1692 et al, MFDCPA 339.901, 15 U.S.C.§1681et al, 12 + violations

---

[4] FRE Rule 602

[5] 14-51270-tjt Doc 152 Filed 08/11/15 Entered 08/11/15 13:51:11 Page 13 thru 30

[6] 4:15-cv-12592-LVP-MKM Doc # 6 Filed 09/03/15 Pg 5 of 59 Pg ID 739 "Anderson and Lynklip both separately advised the Trustee that the claims might be valid claims but would require substantial cooperation from the Debtor in developing the facts, which seemed unlikely based on the Complaint filed by the Debtor and his past history"

[7] Doc 66 Filed 03/17/15 Entered 03/17/15 16:26:21,TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE UNITED STATES DISTRICT COURT CASE 14-13115, STEVENSON V OCWEN LOAN SERVICING, LLC, ET AL. 14-51270-tjt

[8] FRE Rule 702,14-51270-tjt Doc 152 Filed 08/11/15 Entered 08/11/15 13:51:11 Page 13 thru 30

p-j:cotter appellant reply brief-9-18-15

Page **4** of **8**

*$1000 per incident per defendant ($36,000), plus punitive damages awarded by reasonable, prudent Jury.[9]

- The only person who wrote or spoke was Attorney Sonya Goll, who from was in conflict with herself when the oral transcripts and written communication were compared. (See A, B Below)

  A. **Appellees Brief**,.... Anderson and Lynklip both separately advised the Trustee that the claims might be valid claims *but would require substantial cooperation from the Debtor in developing the facts*, which seemed unlikely based on the Complaint filed by the Debtor and his past history.[10]
  
  B. **Oral Hearing in May**....MS. GOLL: "Upon speaking with both of them, neither of them were willing to take the case. They said there really wasn't -- Mr. Cotter, based on the pleadings and facts in the complaint *didn't really have a case*, and the most that they could -- one said it wouldn't -- you couldn't receive anything; one said you might be able to settle for $10,000 or get a judgment for $10,000 at the most."[11]

The laws put in place to protect the lawful true Consumer (p-j:cotter) have been minimized in terms of the strength to deal with Ocwen by the Settlement Agreement terms the litigation power of the lawful true Consumer (p-j:cotter) have been extinguished at the hands of Attorney Sonya Goll attorney for Chapter 7

---

[9] 4:15-cv-12592-LVP-MKM Doc # 6 Filed 09/03/15 Pg 5 of 59 Pg ID 739 "Upon receiving the two independent opinions of Anderson and Lynklip, Trustee, who had had settlement offers from Defendants for nominal amounts, negotiated a settlement with Defendants for $10,000.00 to be paid by Ocwen Loan Servicing, LLC in exchange for the release of all claims against Defendants and the dismissal of the District Court Case with prejudice against Defendants (the "Settlement")."

[10] 4:15-cv-12592-LVP-MKM Doc # 6 Filed 09/03/15 Pg 5 of 59 Pg ID 739 appellees brief

[11] 4:15-cv-12592-LVP-MKM Doc # 5 Filed 09/02/15 Pg 91 of 149 Pg ID 676, Line #'s 12-19 Appeal Filing

p-j:cotter appellant reply brief-9-18-15

Trustee Michael A Stevenson who agreed with the Expired terms, **_on or before February 15, 2015._**[12]

Some with full knowledge, some who knew, some should have know, some who where later informed that pursuit to SCOTUS a timely recession had occurred.[13]

A statement from Attorney Sonya Goll is in conflict with the Law.

"And as for the mortgage being rescinded, he's acknowledging that there was a mortgage and that the alleged rescinding of the mortgage in 2009, there was – it wasn't actually rescinded. The time to rescind the mortgage had long passed, and Mr. Cotter, even if he had rescinded it, had never repaid the money that he had borrowed on the mortgage".[14]

## SUMMARY

In view of the Appellee reply brief Document # 4 filed by Attorney Sonya Goll, her admission is evident and confirms that there were ongoing violations to remove p-j:cotter from the District Court Case, when it was decided to remove p-j:cotter from the District Court Case after not being able to dismiss the Bankruptcy Court case for failure to pass the Means Test (11 U.S. Code § 707(b)(2)[15]. This action would explain the low probity theory of the four point formula making the compromise settlement to be on the table. Document # 152 shows a schematic of

---

[12] 14-51270-tjt Doc 111 Filed 07/08/15 Entered 07/08/15 12:48:29 Pages 1thru 4
2:14-cv-13115-MAG-APP Doc # 52 Filed 07/08/15 Pg 1thru 4 Pg ID 422 thru 425

[13] SUPREME COURT OF THE UNITED STATES, No. 13–684, JESINOSKI ET UX. v. COUNTRYWIDE HOME LOANS, INC., ET AL., 4:15-cv-12592-LVP-MKM Doc # 5 Filed 09/02/15 Pg 110 of 149 Pg ID 695, lines #1-10

[14] 4:15-cv-12592-LVP-MKM Doc # 5 Filed 09/02/15 Pg 133 of 149 Pg ID 718 Line #'s 14-20 Appeal Filing

[15] Mean Test – failed per rules of part of part 1 and 2 http://www.justice.gov/ust/means-testing

p-j:cotter appellant reply brief-9-18-15

Page **6** of **8**

who, what, when, where and how this was carried out. (From the initial call from Nasseem Ramin, Ocwen Attorney to the check delivery by Ocwen Attorney Robert Ellis, in violation under applicable laws.)

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in the opening Appellant Brief and TRANSMITTAL OF COMPLETE RECORD REGARDING NOTICE OF APPEAL (including Hearing Transcripts) p-j:cotter moves the BAP Court of Appeals to reverse the decision of **Bankruptcy Case No. 14-51270-tjt** Document # 110 and dismiss **Bankruptcy Case No. 14-51270-tjt for lack of lawful standing; with prejudice in favor of p-j:cotter.**

p-j:cotter further moves the BAP Court of Appeals on its own motion to issue FRCP Rule 11 sanctions against Attorney Sonya Goll to prove allegations against p-j:cotter with admissible evidence that were made in the Appellees brief.

September 18, 2015

Nunc pro tunc
All Rights Reserved
Void Where Prohibited by Law
Vi Coactus

By: p-j:cotter

By: p-j:cotter

P O Box 131
Anchorville, MI 48004
(810) 459-6972
pocmich@yahoo.com

p-j:cotter appellant reply brief-9-18-15

Page 7 of 8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                                Case No. 15-12592
p-j:cotter,                                           Bankruptcy Number 14-51270
                                                      Honorable Linda V. Parker
_____/

p-j:cotter,
           Appellant,
v.
MICHAEL STEVENSON,
           Appellee(s).
_____/

**CERTIFICATE OF SERVICE**

**p-j:cotter APPELLANT REPLY BRIEF ON APPEAL**

I, p j cotter certify that on this 18th day of September 2015 a copy of the foregoing documents filed in the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION were served upon the following parties via U.S.P.S. first class mail.

    Sonya N. Goll
    STEVENSON & BULLOCK, PLC
    26100 American Drive, Suite 500
    Southfield, MI 48034

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of September 2015, at Saint Clair County, Michigan.

                                    Nunc pro tunc
                                    All Rights Reserved
                                    Void Where Prohibited by Law
                                    Vi Coactus

                                    By:p-j:cotter  *(signature)*
                                    P O Box 131
                                    Anchorville, MI 48004
                                    (810) 459-6972
                                    pocmich@yahoo.com