UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  P.J. COTTER, | BANKRUPTCY CASE NO. 14-51270 |
| Debtor. | BANKRUPTCY JUDGE THOMAS J. TUCKER |
| _____/ | |
| P.J. COTTER, | |
| Appellant, | CIVIL ACTION NO. 15-cv-12592 |
| v. | DISTRICT JUDGE LINDA V. PARKER |
| MICHAEL STEVENSON, | MAGISTRATE JUDGE MONA K. MAJZOUB |
| Appellee. | |
| _____/ | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on an appeal by P.J. Cotter ("Cotter") of the United States Bankruptcy Court for the Eastern District of Michigan's July 8, 2015 Order Granting Trustee's Motion for Authority to Compromise Claims in United States District Court Case 14-13115, Stevenson v. Ocwen Loan Servicing, LLC, et al. (Docket no. 1.)  Cotter and Appellee Michael Stevenson ("Stevenson") filed briefs in this matter in support of their respective positions.  (Docket nos. 4 and 6.)  Cotter also filed a Reply brief.  (Docket no. 8.)  This matter has been referred to the undersigned for a Report and Recommendation.  (Docket no. 9.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that this appeal be **DISMISSED** for lack of standing.

**II.    REPORT**

On July 8, 2014, Cotter filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.[1]  (*In re Cotter*, No. 14-51270, ECF no. 1.)  That same day, Stevenson was appointed as the trustee of Cotter's bankruptcy estate.  (*See In re Cotter*, ECF no. 2.)  Subsequently, Cotter filed a *pro se* complaint in this court against Ocwen Loan Servicing, LLC, and others, asserting claims under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Michigan Fair Debt Collection Practices Act, which purportedly accrued before Cotter filed his bankruptcy action.  (*Stevenson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-13115-MAG-APP, ECF no. 1.)  Cotter did not list these claims as assets on his initial bankruptcy schedules, and, according to Stevenson, the complaint against Ocwen was filed without the knowledge or approval of Stevenson or the bankruptcy court.  (*See In re Cotter*, ECF no. 12; docket no. 6 at 4.)

Upon learning of Cotter's complaint against Ocwen, Stevenson filed an appearance and a Notice of Chapter 7 Bankruptcy in that case to inform the court of the bankruptcy estate's interests in Cotter's claims; Cotter moved to strike both documents.  (*Stevenson v. Ocwen*, ECF nos. 14, 15, and 24.)  Cotter's Motion to Strike was denied on the basis that he lacked standing to pursue his claims, because those claims became property of the bankruptcy estate upon the filing of his bankruptcy petition.  (*Stevenson v. Ocwen*, ECF no. 32.)  Thus, Stevenson, as the trustee of

---

[1] The Court takes judicial notice of the proceedings in *In re Cotter*, case no. 14-51270 in the United States Bankruptcy Court for the Eastern District of Michigan.  ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

2

Cotter's bankruptcy estate, was the sole person vested with the right to pursue the claims formerly belonging to Cotter. (*Id.*) Stevenson subsequently filed a Motion to Substitute Michael A. Stevenson, Trustee in Bankruptcy, as the Party Plaintiff Pursuant to Fed. R. Civ. P. 25(c); the motion was granted soon thereafter. (*Stevenson v. Ocwen*, ECF nos. 33 and 34.) Stevenson asserts that he then negotiated a settlement with Ocwen and the other defendants for $10,000.00 to be paid by Ocwen in exchange for the release of all claims and dismissal of the case with prejudice. (Docket no. 6 at 5.)

On March 17, 2015, Stevenson filed Trustee's Motion for Authority to Compromise United States District Court Case 14-13115, Stevenson v. Ocwen Loan Servicing, LLC, et al., which sought the bankruptcy court's approval of the settlement he negotiated with Ocwen. (*In re Cotter*, ECF no. 66.) Cotter objected, and the matter was set for a hearing. (*In re Cotter*, ECF nos. 67 and 76.) On July 8, 2015, the bankruptcy court heard oral arguments on the motion and approved the settlement on the record, finding it to be fair and equitable, and in the best interests of the bankruptcy estate. (Docket no. 5 at 124-49.) The bankruptcy court also found, on the record, that Cotter lacked standing to object to the Motion to Compromise because he had no financial stake in the claims against Ocwen under 11 U.S.C. § 726. (*Id*. at 144.) The bankruptcy court then entered an Order Granting Trustee's Motion for Authority to Compromise Claims in United States District Court Case 14-13115, Stevenson v. Ocwen Loan Servicing, LLC, et al. and an Order Resolving U.S. District Court Case 14-13115 and for Turnover of Proceeds to the Bankruptcy Estate. (*In re Cotter*, ECF nos. 110 and 111.)

Cotter filed the instant appeal from the bankruptcy court's Order Granting Trustee's Motion for Authority to Compromise Claims in United States District Court Case 14-13115, Stevenson v. Ocwen Loan Servicing, LLC, et al. on July 23, 2015. (Docket no. 1.) In his brief

3

in support, Cotter sets forth twenty rambling and unintelligible arguments regarding alleged errors and abuses of discretion committed by the bankruptcy court through the entry of the order. (*See* docket no. 4.) Stevenson filed a brief in response, contesting Cotter's arguments on the merits as well as arguing that Cotter lacked standing to object to the Motion to Compromise. (Docket no. 6. at 9-22.) The Court will first address the issue of standing in this matter. *See Herrmann v. Corcaran (In re Herrmann)*, No. 14-13688, 2015 WL 4094204, at *3 (E.D. Mich. June 29, 2015) (Battani, J.) ("Before turning to the merits of Appellant's argument, the Court considers the Trustee's contention that [Appellant] lacks standing to object.").

"In order to have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *Harker v. Troutman (In re Troutman Enterprises, Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.,* 77 F.3d 880, 882 (6th Cir. 1996)). This principle is known as the "person aggrieved" doctrine, and it "limits standing to persons with a financial stake in the bankruptcy court's order." *Id.* "Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights." *Id.* "Whether an appellant is a person aggrieved is a question of fact for the district court." *Fidelity Bank,* 77 F.3d at 882 (citations omitted).

"Debtors, particularly Chapter 7 debtors, rarely have [] a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Lunan v. Jones (In re Lunan)*, 523 F. App'x 339, 340 (6th Cir. 2013) (quoting *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.),* 151 F.3d 605, 607 (7th Cir. 1998)); *see also Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010) (citation omitted) ("Since title to property of the estate no longer resides in the chapter 7 debtor, the

4

debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property.")  "As a result, the chapter 7 trustee is often the only party who has standing to appeal an order that impacts the disposition of property of the estate."  *In re Brown*, 507 B.R. 31 (Table), 2014 WL 997340, at *4 (B.A.P. 6th Cir. 2014) (citing *Richman v. First Woman's Bank* (*In re Richman*), 104 F.3d 654, 657 (4th Cir. 1997)).

"There are two exceptions to a debtor's limited standing:  (1) if the debtor can show that a successful appeal would generate assets in excess of liabilities, entitling the debtor to a distribution of surplus under Bankruptcy Code 726(a)(6), ... or (2) the order appealed from affects the terms of the debtor's discharge in bankruptcy."  *Amir*, 436 B.R. at 10 (quoting *Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136, 1144 n. 12 (1st Cir. 1992)).  "If the debtor fails to present concrete evidence that either exception applies, he does not have standing to challenge a bankruptcy court order."  *Brown*, 507 B.R. 31, at *4 (citing *U.S. v. Jones,* 260 B.R. 415, 418 (E.D. Mich. 2000)).  To succeed under the first exception, "[t]he debtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility."  *Lunan*, 523 F. App'x at 340.

Here, Cotter has failed to show that he has a financial interest in the bankruptcy court's order.  He has not demonstrated that his success on appeal would result in the generation of a surplus in the estate, or that he would receive the distribution of any such surplus.  Notably, Cotter has not presented any argument or evidence in this respect.  The bankruptcy court's July 8, 2015 finding on the record that Cotter had no financial stake in the claims against Ocwen under 11 U.S.C. § 726 is also particularly noteworthy. (Docket no. 5 at 144.)  Moreover, in an October 14, 2015 hearing, the bankruptcy court found that there will not be a surplus of funds in the bankruptcy estate from which Cotter would receive a distribution of funds.  (*In re Cotter*,

5

ECF no. 210 at 21-24.) The bankruptcy court's findings are supported by the Final Account and Distribution Report filed in the bankruptcy proceeding on January 12, 2016, which reflects that Cotter did not receive any funds in the distribution of the estate. (*In re Cotter*, ECF no. 215.) Accordingly, Cotter does not qualify as a "person aggrieved," and he lacks standing to appeal the bankruptcy court's order. It is, therefore, recommended that the Court **DISMISS** this appeal for lack of standing.[2]

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must

---

[2] Because Cotter does not have standing to raise this bankruptcy appeal, the merits of the appeal will not be addressed. *See Fidelity Bank,* 77 F.3d at 882.

specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 9, 2016         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon P.J. Cotter and counsel of record on this date.

Dated: February 9, 2016         s/ Lisa C. Bartlett
                                Case Manager