

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:                                  Case No. 15-12592

p-j:cotter,                             Bankruptcy Number 14-51270

                                        Honorable Linda V. Parker

_____/

p-j:cotter,

        Appellant,

v.

MICHAEL STEVENSON,

        Appellee(s).

_____/

**OBJECTION to Appellee's Motion To Dismiss Appeal**

**4:15-cv-12592-LVP-MKM Doc # 11 Filed  02/22/2016**

**Nunc Pro Tunc**

Now comes p-j:cotter, unrepresented by counsel, in the above captioned case, as the living man, timely,(Docket #11 received via USPS February 12, 2016), to move this Honorable Court to take notice of this OBJECTION to Appellee's Motion To Dismiss Appeal 4:15-cv-12592-LVP-MKM Doc # 11Filed  02/22/2016

### Facts and Background

1.    On July 8, 2015, the Bankruptcy Court entered the Order

Granting Trustee's Motion for Authority to Compromise. [Bankruptcy

Docket No. 110] (the "Order").

This very order Document 110 referenced above confirms the

ongoing violations of cotters constitutional rights[1], [2],[3],[4] that have

been violated and is constant and ever present in this case.

> **"IT IS FURTHER ORDERED** that Ocwen Loan Servicing,
>
> LLC must pay to the Bankruptcy estate the amount of
>
> $10,000.00, and the Estate will release any and all claims it
>
> now has, or may have, against the Defendants and dismiss the
>
> Complaint with prejudice and without costs."

The granting of motion to compromise, with the inclusion of

"with Prejudice" in this case takes away the core of the rights

guaranteed, to life liberty and property rights, which are at the very

heart of this entire filing process to protect the property interest of

---

[1] U.S. Constitution, Article IV

[2] Bill of Rights, Article One

[3] Bill of Rights, Article Seven
[4] Marbury v. Madison: 5 US 137 (1803)

cotter[5]. Stevenson being the sole person vested with the right to

pursue the claims formerly belonging to cotter, has stripped cotter of

his vested rights by agreeing to the terms offered by Ocwen

including "with prejudice" under color of law[6], which creates serious

issues of controversies and a legally cognizable interest in the

outcome.

There was never any evidence submitted in the case to warrant the

trustee's action to not pursue the Verified Complaint and Demand for Jury

Trial in 2:14-cv-13115-MAG-APP thereby denying cotter the security of

his property, and his rights.[7]


2.      On July 21, 2015, the cotter filed a Motion to Amend Order, Etc.
[Bankruptcy Court Docket No. 117], requesting the Court, in effect, to reconsider the
Order; On July 24, 2015, the Court entered the Order Denying Debtor's Motion to
Amend Order, Etc. [Bankruptcy Court Docket No. 130].


This action was done to protect the constitutional rights[8] of

cotter that were knowingly being violated by Chapter 7 Trustee

Michael A. Stevenson, Sonya N. Goll Attorney for Chapter 7 Trustee

---

[5] Marbury v. Madison: 5 US 137 (1803)
[6] Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982)
[7] Boyd v. United, 116 U.S. 616 at 635 (1885)
[8] Marbury v. Madison: 5 US 137 (1803)

Michael A. Stevenson and defendant attorneys in 2:14-cv-13115-MAG-APP.

3.    Appellant filed a notice of appeal of the Order on July 22, 2015, one day after the Motion to Amend Order, Etc. was filed, and two days before the Order Denying Debtor's Motion to Amend Order, Etc. was entered.

This action was done to protect the continued violations of cotter's constitutional rights[9] by Stevenson, Goll, and defendant attorneys in the District Court, and attorneys representing OCWEN by and through their appearance in the bankruptcy court and District Court by and through their rulings against cotter for exercising his constitutional rights.[10],[11],[12].

4.    The Appellant failed to file a Motion for Stay Pending Appeal.

Appellant being pro se[13] should have been given the opportunity to file this stay and would have filed a stay if notice had been given by the court.[14].

---

[9] Marbury v. Madison: 5 US 137 (1803)
[10] Miller v. U.S., 230 F. 2d. 486, 490
[11] Gomillion v. Lightfoot, 364 U.S. 155 (1966),
[12] Smith v. Allwright, 321 U.S. 649.644
[13] US v Sanchez 88F 3rd 1243 (D.C Cir 1996)

5.      On July 30, 2015, an Order Dismissing Case Number 14-13115 [U.S. District Court  Docket No. 54] (the "Order Dismissing") was entered dismissing United States District Court Case 14-13115, Stevenson v. Ocwen Loan Servicing, LLC, et. al (the "District Court Lawsuit"); the Order Dismissing was not appealed and is now a final order.

**Document 110 gave the full power to the trustee in the dismissing of this** case. It is noteworthy that cotter had been removed from the case in violation of his constitutional rights[15] in 2:14−cv−13115−MAG−APP.

**"IT IS FURTHER ORDERED** that the Trustee may execute[16] any document or perform any act which in the Trustee's judgment is necessary, reasonable, or appropriate to implement, effectuate, and consummate the settlement, including signing a release of all the

---

[14] McClellon v Lone Star Gas Company 66F3rd (5th Cir 1995)

[15] **Marbury v. Madison: 5 US 137 (1803)**

[16] **Owen v. Independence 100 Vol. Supreme Court Reports. 1398:(1982)**

Debtor's and the bankruptcy estate's claims and taking

action to dismiss the District Court Litigation." [17]

The party that should have appealed this ruling was Michael a

Stevenson[18] as he was entered into 2:14−cv−13115−MAG−APP on

November 24, 2014 completely replacing cotter in this matter.

(See 5 at 34)

6.      On February 9, 2016, Magistrate Judge Mona K. Majzoub, entered her Report
and Recommendation (Docket No. 10) recommending that the appeal be dismissed for
lack of standing (the "Magistrate's Report").


Appellant responded with objection to (Docket No. 10) on February

26, 2016 (Docket # 12).


7.      On February 19, 2016, the Appellant's underlying bankruptcy case,
Bankruptcy Case No. 14-51270, was closed without discharge. (See Exhibit D attached
hereto).

The closing of Bankruptcy Case No. 14-51270 with the

complicity of the court, Chapter 7 Trustee Michael A.

Stevenson and Sonya N. Goll Attorney for Chapter 7 Trustee

Michael A. Stevenson affirm the ongoing violations of cotter's

---

[17] Quote referenced in Document # 110
[18] **Marbury v. Madison: 5 US 137 (1803)**

Page **6** of 15

constitutional rights, which includes and is not limited to those violations below.[19]

TO wit:

- 14-51270-tjt Doc 15 CLERK'S NOTICE OF PRESUMED ABUSE UNDER 11 U.S.C. § 707(B)(2) not sent to U.S. Trustee Daniel M. Mc Dermott.           (Docket no. 5 at 11)

- 14-51270-tjt Doc 21 CLERK'S NOTICE OF TRUSTEE'S STATEMENT THAT NO PRESUMPTION OF ABUSE HAS ARISEN UNDER 11 U.S.C. § 707 (b)(2)Stating in part "…that the United States Trustee, after reviewing all materials filed by the debtor, has filed a statement with the court indicating that no presumption of abuse has arisen under § 11 U.S.C. 707(b)(2)…"

- This statement has never been placed in the court records of 14-51270-tjt. (Docket no. 5 at 12)

- This document clearly shows that U.S. Trustee

---

[19] Marbury v. Madison: 5 US 137 (1803)

Daniel M. Mc Dermott is a 'bypassed recipient'

- The issue of 14-51270-tjt Doc 14 "Means Test" signed All Rights Reserved, Void Where Prohibited By Law, Vi Coactus By: P-J:Cotter was later affirmed October 14, 2014 14-51270-tjt Doc 204 by Sonya N. Goll Attorney for Chapter 7 Trustee Michael A. Stevenson as having been altered and 'new numbers' being used without the knowledge of cotter·

- Chapter 7 Trustee Michael A. Stevenson never held a proper 341 hearing (Docket no. 5 at 14) Transcript Case: 4:15-cv-12592-LVP-MKM Docket entry # 7.

- Cotter never had any introduction of Chapter 7 Trustee Michael A. Stevenson.

- Chapter 7 Trustee Michael A. Stevenson failed to insure compliance with 11 U.S.C. § 521(e)(2)(A)

- Chapter 7 Trustee Michael A. Stevenson never requested any documents as required under FRBP 4002(b)(2).

Page **8** of **15**

- Chapter 7 Trustee Michael A. Stevenson never requested any documents as required under FRBP 4002(b)(3).

- Chapter 7 Trustee Michael A. Stevenson failed to insure compliance with 11 U.S.C. § 341(d)(1)(2)(3)(4).

All of the above actions by Chapter 7 Trustee Michael A. Stevenson were in full violation of his duties as trustee to both cotter and the bankruptcy court. [20], [21]

8.    Appellant's appeal seeks to set aside the Order.  However, Appellant failed to request a stay pending appeal from either this Court or the Bankruptcy Court, and the bankruptcy case was closed after the District Court Lawsuit was dismissed."

Courts will go to particular pains to protect pro se litigants against consequences of errors if injustice would otherwise result.[22]

9.    "The mootness doctrine is premised on the fundamental jurisdictional tenet that federal courts are only empowered to hear live cases and controversies. U.S. Const. art. III, section 2…"

---

[20] **Norton v. Shelby County 118 USR 425**

[21] **Marbury v. Madison: 5 US 137 (1803)**

[22] **US v Sanchez 88F 3rd 1243 (D.C Cir 1996)**

"Constitutional mootness" is grounded in the requirement that any case or dispute that is presented to a federal court be definite, concrete, and *amenable to specific relief.*" *Jordan,* 654 F.3d at 1024 (internal quotation omitted). This aspect of mootness focuses on whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Id.* It derives from Article III's case or controversy rule, which requires that "`an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Rio Grande Silvery Minnow,* 601 F.3d at 1121 (quoting *Arizonans for Official English v. Arizona,* <u>520 U.S. 43</u>, 67 (1997))".

To declare this action moot would violate the constitutional rights of cotter.[23]

10.     "A case is found moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome…"

---

[23] **Marbury v. Madison: 5 US 137 (1803)**

Black's Law 4th Definition:

COGNIZABLE. Capable of being tried or examined before a
designated tribunal. State v. Wilmot, 51 Idaho 233, 4 P.2d 363,
364; within jurisdiction of court or power given to court to
adjudicate controversy. Samuel Goldwyn, Inc. v. United Artists
Corporation, C.C.A.Del., 113 F.2d 703, 707.

Denying cotter his constitutional rights[24] is a **LIVE
COGNIZABLE** issue in which cotter has lawful rights that have
continuously been denied through the actions of Michael A.
Stevenson Appellee, Chapter 7 Trustee Michael A. Stevenson, Sonya
N. Goll Attorney for Appellee and Sonya N. Goll Attorney for
Chapter 7 Trustee Michael A. Stevenson and defendants[25] in No.
2:14-cv-13115-MAG-APP a verified complaint with demand for Jury
trial under FDCPA and FCRA.

The same parties also appearing in 14-51270-tjt Hearings on
May 20, 2015 and July 8, 2015 as representatives of Ocwen Loan
Servicing, LLC the purported Servicer and creditor.

(See 5 at 20, 24, 87, 124)

All notices of the ongoing deprivations under *color of law*, of
a right secured by the constitution[26] have been entered into 14-

---

[24] **Marbury v. Madison: 5 US 137 (1803)**

[25] **Busse v Commissioner Of Internal Revenue, 479F 2nd 1143**

[26] **Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982)**

51270-tjt hearings on October 1, 2014, December 17, 2015, May 20, 2015, July 8, 2015, October 14, 2015.

(See 5 at 16, 17, 20, 24, 38, 58, 87, 124)

Michael A. Stevenson Appellee, Chapter 7 Trustee Michael A. Stevenson, Sonya N. Goll Attorney for Appellee and Sonya N. Goll Attorney for Chapter 7 Trustee Michael A. Stevenson further conspired to deny cotter his constitutional rights[27],[28] in reference to the Motions, Briefs , Objections, Memorandums of Law and other Verified writings of cotter entered into 14-51270-tjt.

(See 5 at 11, 14, 15, 16, 18, 19, 20, 21, 23, 26, 29, and 30)

11.      "If an appellate court lacks the power to provide an effective remedy for an appellant if the court were to find in the appellant's favor on the merits, the appeal is properly dismissed as moot."

The court does not lack the power to provide an effective remedy in this matter[29].

Allowing Michael A. Stevenson Appellee, Chapter 7 Trustee Michael A. Stevenson, Sonya N. Goll Attorney for Appellee and Sonya N. Goll Attorney for Chapter 7 Trustee Michael A. Stevenson to impose sanctions and penalties[30] against the  guarantee of cotters

---

[27] Gomillion v. Lightfoot, 364 U.S. 155 (1966)
[28] Smith v. Allwright, 321 U.S. 649.644
[29] Title 5, US Code Sec. 556(d), Sec. 557, Sec.706
[30] Sherar v. Cullen, 481 F. 2d 946 (1973)

constitutional rights[31] is paramount to the quit enjoyment of life and property .

No finding of any court can violate these rights. "Anything that is in conflict is null and void of law". [32]

Any violation by the court against Our whole system of law which is predicated on the general fundamental principle of equality of application of the law,[33] would cause further sanctions and penalties [34] against cotter.

It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens.[35]

By such stealthy encroachment, deprivation of the constitutional rights of cotter by any officer of the court in such

---

[31] Marbury v. Madison: 5 US 137 (1803)

[32] Marbury v. Madison: 5 US 137 (1803)

[33] Truax v. Corrigan, 257 U.S. 312, 332

[34] Miller v. U.S., 230 F. 2d. 486, 490

[35] Boyd v. United, 116 U.S. 616 at 635 (1885)

illegitimate and unconstitutional practices clearly denies the granting of a lawful remedy to cotter.[36]

12.        "For that reason, if any event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."

The appeal cannot be dismissed as clearly affirmed in the "last clear chance doctrine" is that a party who has last clear chance to avoid damage or injury to another is liable.

The doctrine implies thought, appreciation, mental direction, and a lapse of sufficient time to effectually act upon impulse to save another from injury.[37]

The prevailing party is cotter as he is the party who is having his constitutional rights violated by the ongoing unlawful actions of Michael A. Stevenson Appellee, Chapter 7 Trustee Michael A. Stevenson, Sonya N. Goll Attorney for Appellee and Sonya N. Goll Attorney for Chapter 7 Trustee Michael A. Stevenson  through there

---

[36] Boyd v. United, 116 U.S. 616 at 635 (1885)

[37] Colwell v. Nygaard, 8 Wash.2d 462, 112 P.2d 838, 845; Merchants.

"rule making" [38] 14-51270-tjt Document # 110, #111,

2:14−cv−13115−MAG−APP Document # 52, 53

(See 5 at 24, 35)


cotter moves the Court not to grant and order for dismissal, but rather remand the case for the removal of the language of "dismiss the Complaint with prejudice" in Document 110.

cotter further moves the Court to grant any and all other relief so deemed just and fair.

March 8, 2016

Nunc pro tunc

All Rights Reserved

Void Where Prohibited by Law

Vi Coactus

By: p-j:cotter

By: p-j:cotter

P O Box 131

Anchorville, MI 48004

(810) 459-6972

pocmich@yahoo.com

---

[38] Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 15-12592 |
| p-j:cotter, | Bankruptcy Number 14-51270 |
| | Honorable Linda V. Parker |

_____/

p-j:cotter,

                    Appellant,

v.

MICHAEL STEVENSON,

                    Appellee(s).

_____/

## CERTIFICATE OF SERVICE

OBJECTION to Appellee's Motion To Dismiss Appeal 4:15-cv-12592-LVP-MKM Doc # 11 Filed 02/22/2016
Nunc Pro Tunc

    I, p j cotter certify that on this 8th day of March 2016 a copy of the foregoing documents filed in the UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN, were served upon the following parties via U.S.P.S. first class mail.

  Sonya N. Goll
  Stevenson & Bullock PLC
  26100 American Dr. Ste 500
  Southfield MI 48034

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of March 2016, at Saint Clair County, Michigan.

Nunc pro tunc

All Rights Reserved

Void Where Prohibited by Law

Vi Coactus

By : p -j : cotter

By: p j cotter

P O Box 131

Anchorville, MI 48004

(810) 459-6972

pocmich@yahoo.com