UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE P.J. COTTER,

       Debtor.
_____/

P.J. COTTER,

       Appellant,

v.

MICHAEL STEVENSON,

       Appellee.
_____/

Civil Case No. 15-12592
Honorable Linda V. Parker

Bankruptcy Case No. 14-51270
Honorable Thomas J. Tucker

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 9, 2016 REPORT AND RECOMMENDATION [ECF NO. 10]; (2) DISMISSING APPEAL WITH PREJUDICE FOR LACK OF STANDING; AND (3) DENYINIG AS MOOT APPELLEE'S MOTION TO DISMISS [ECF NO. 11]**

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan ("bankruptcy court"). Debtor-Appellant P.J. Cotter ("Debtor") appeals the Honorable Thomas J. Tucker's July 8, 2015 order granting the bankruptcy trustee's motion for authority to compromise claims. On July 31, 2015, this Court entered an order establishing a briefing schedule in this matter. (ECF No. 3.) On September 23, 2015, the Court referred the matter to Magistrate Judge Mona K. Majzoub for all pretrial

proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) The parties' appeal briefs have been filed in accordance with this Court's July 31, 2015 order. (*See* ECF Nos. 4, 6, 8.)

On February 9, 2016, Magistrate Judge Majzoub issued an R&R in which she recommends that this Court dismiss Debtor's appeal for lack of standing. (ECF No. 10.) As Magistrate Judge Majzoub explains, because Debtor was not "directly and adversely affected pecuniarily" by Judge Thomas' order, he lacks standing to appeal that order. (*Id*. at Pg ID 817, internal quotation marks and citations omitted.) Debtor lacked a financial interest in the bankruptcy judge's order because he failed to show that "his success on appeal would result in the generation of a surplus in the estate, or that he would receive the distribution of any such surplus." (*Id*. at Pg ID 818.) At the end of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 819.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Debtor filed timely objections to the R&R on February 26, 2016. (ECF No. 12.)

Debtor asserts four "objections" to the R&R.  First, he objects to Magistrate Judge Majzoub's statement that the claims he asserted in the underlying action, *Stevenson v. Ocwen Loan Servicing, LLC*, No. 14-13115 (E.D. Mich. filed Aug. 13, 2014), "purportedly accrued before [Debtor] filed his bankruptcy action." (ECF No. 12 at Pg ID 841, quoting ECF No. 10 at Pg ID 815.)  Debtor simply takes issue with the magistrate judge's insertion of "purportedly" because, he argues, the claims *in fact* accrued pre-petition.  (*Id*. at Pg ID 842-45.)  In his second objection, Debtor contends that the bankruptcy trustee misrepresented the facts regarding the trustee's knowledge of Debtor's claims against Ocwen Loan Servicing LLC ("Ocwen").  (*Id*. at Pg ID 846.)  Debtor appears to be asserting that his Completed Summary of Schedules, filed on July 21, 2014 in the bankruptcy proceedings, set forth those claims.

In his third objection, Debtor claims that there was a "[l]ack of compliance with [the] Federal Rules of Evidence" with respect to the bankruptcy trustee's assertion in his appeal brief that the trustee " '*negotiated* a settlement with Ocwen and the other defendants for $10,000.00 to be paid by Ocwen in exchange for the release of all claims and dismissal of the case with prejudice.' "  (ECF No. 12 at Pg ID 848, quoting ECF No. 10 at Pg ID 816, emphasis added.)  According to Debtor, there is no evidence to support the trustee's assertion that there were negotiations leading to the settlement.  (*Id*. at Pg ID 848-850.)  Finally, in his fourth objection,

3

Debtor appears to be arguing that his constitutional rights were violated as a result of the trustee's negotiation and settlement with Ocwen. (*Id*. at Pg ID 850-51.)

None of Debtor's objections address Magistrate Judge Majzoub's finding that he lacks standing to appeal Judge Tucker's decision. In other words, even if Debtor's arguments have merit or relate to material issues of fact (which they do not), they do not demonstrate that Magistrate Judge Majzoub was incorrect in her conclusion that he lacks standing to bring this appeal. For the reasons set forth in Magistrate Judge Majzoub's R&R, the Court agrees that Debtor lacks standing to appeal Judge Tucker's decision. Therefore, the Court adopts Magistrate Judge Majzoub's February 9, 2016 R&R.

Accordingly,

**IT IS ORDERED**, that this appeal is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that Appellee's motion to dismiss (ECF No. 11) is **DENIED AS MOOT**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 21, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 21, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager