UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE P.J. COTTER,

      Debtor.
_____/

P.J. COTTER,                                           Civil Case No. 15-12592
                                                   Honorable Linda V. Parker

      Appellant,

v.                                                        Bankruptcy Case No. 14-51270
                                                   Honorable Thomas J. Tucker

MICHAEL STEVENSON,

      Appellee.
_____/

## OPINION AND ORDER DENYING APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT

      This is an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Debtor-Appellant P.J. Cotter ("Debtor") appealed the Honorable Thomas J. Tucker's July 8, 2015 order granting the bankruptcy trustee's motion for authority to compromise claims. On September 23, 2015, this Court referred the matter to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. On February 9, 2016, following the parties' filing of their appeal briefs, Magistrate Judge Majzoub issued a Report and Recommendation in which she recommended that the Court dismiss Debtor's appeal for lack of standing. (ECF No. 10.) Debtor filed objections to the R&R (ECF No. 12), which the Court rejected in a March 21, 2016 opinion and order adopting Magistrate Judge Majzoub's R&R and dismissing the appeal with prejudice. (ECF No. 15.) The

Court entered a judgment on the same date. (ECF No. 16.) Presently before the Court is Debtor's motion to alter or amend the judgment, filed April 6, 2016. (ECF No. 19.)

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), cert. denied, 547 U.S. 1070, (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this District pursuant to Local Rule 7.1(h) when addressing motions for reconsideration. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant Rule 7.1, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

In his pending motion, Debtor raises the same arguments he asserted in his appeal brief and his objections to Magistrate Judge Majzoub's R&R. These are

issues on which the Court has already ruled.  The Court is not persuaded that it made a clear error of law or that it was misled by a palpable defect when it dismissed Debtor's appeal for lack of standing.  It is not necessary to alter or amend the judgment to prevent manifest injustice.

Accordingly,

**IT IS ORDERED** that Debtor's motion to alter or amend judgment (ECF No. 19) is **DENIED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: May 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 24, 2016, by electronic and/or U.S. First Class mail.

        s/ Richard Loury
        Case Manager